
F I L E D
MAY - 4 2010
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

IN RE: OUTSIDEWALL TIRE ) Case No. 1:09cv1217
LITIGATION ) Case No. 1:09cv1218

## MEMORANDUM OPINION

The pretrial discovery dispute at issue in these consolidated trade secret and conspiracy cases concerns the proper situs of the depositions of a foreign corporation's Rule 30(b)(6) and managing agent witnesses. Defendants Al Dobowi, Ltd., Al Dobowi Tyres Co., LLC, and Al Dobowi Group (collectively "Al Dobowi defendants") object to the magistrate judge's ruling that Surender Kandhari and Harjeev Kandhari—who are managing agents of one or more Al Dobowi defendant entities—must travel to and be deposed in Virginia. The Al Dobowi defendants contend that the reasons cited for requiring the depositions to occur here are legally insufficient to overcome the presumption that managing agents and Rule 30(b)(6) designees of foreign corporate defendants should be deposed at the corporation's principal place of business. For the reasons set forth herein, the magistrate judge's ruling must be vacated and the matter remanded for further proceedings.

I.

This matter consists of two cases, consolidated for all purposes. Plaintiffs in both cases are (i) Jordan Fishman, (ii) Tire Engineering & Distribution, LLC ("Tire Engineering"), a Florida limited liability company, (iii) Bearcat Tire ARL, LLC ("Bearcat"), also a Florida LLC, and (iv) Bcatco A.R.L., Inc. ("Bcatco"), a corporation organized under the laws of the Jersey Channel Islands, a British crown dependency located off the coast of Normandy, France. Mr. Fishman, a

resident of Florida, is the founder and managing agent of all three companies, which are engaged in the business of designing, manufacturing, and distributing industrial tires, including those used on underground mining vehicles.

The served defendants in No. 1:09cv1217 are the Al Dobowi defendants, whose principal place of business is Dubai.[1] Plaintiffs have also named, but not served, (i) TyreX International, Ltd., TyreX International Rubber Co. Ltd., and Qingdao TyreX Trading Co., Ltd. (collectively "TyreX defendants"), which are based in China and in Dubai, and (ii) Surender Khandari, a citizen of India and resident of Dubai, who is allegedly the managing director of some or all Al Dobowi defendant entities. Defendants in No. 1:09cv1218—all of whom have been served—are Shandong Linglong Rubber Co., Ltd. and Shandong Linglong Tire Co., Ltd. ("Linglong defendants"), both Chinese corporations. Al Dobowi defendants, TyreX defendants, and Shandong Linglong defendants are all in the business of manufacturing industrial tires.

These lawsuits arise from defendants' alleged misappropriation of Mr. Fishman's mining tire designs. Plaintiffs allege that the tire designs are trademarked, copyrighted, and constitute trade secrets, and that Sam Vance, one of Mr. Fishman's former employees, conspired with Al Dobowi defendants, Surender Kandhari, and the Linglong defendants to steal the designs and profit from the use of the stolen designs. More specifically, the complaint alleges that Surender Kandhari, Mr. Vance, and others met at a hotel in Richmond to discuss the use of Mr. Fishman's designs. Based on these allegations, plaintiffs seek damages and injunctive relief (i) for violation

---

[1] According to the complaint, the Al Dobowi defendants are variously incorporated in Isle of Man, a British crown dependency, Dubai, and Jebel Ali, a port town in the United Arab Emirates that is part of the Dubai emirate.

of the Virginia Business Conspiracy Act, Va. Code § 18.2-499, (ii) for common law conspiracy, (iii) for tortious interference with plaintiffs' business relationships, (iv) for misappropriation of trade secrets, (v) for copyright infringement, (vi) for trademark infringement, (vii) for unfair competition and deceptive trade practices, (viii) for conversion, and (ix) for unjust enrichment.

The current dispute stems from plaintiffs' March 9, 2010 notices to depose the following persons in Virginia: (i) Surender Kandhari, (ii) Harjeev Kandhari, and (iii) Jasjeev Kandhari, all pursuant to Rule 30(a)(1), Fed. R. Civ. P.,[2] and (iv) a corporate representative of Al Dobowi defendants pursuant to Rule 30(b)(6), Fed. R. Civ. P. Al Dobowi defendants, by counsel, objected to the deposition notices insofar as they required managing agents of Al Dobowi defendant entities to be deposed in Virginia instead of in Dubai, the entities' principal place of business. Plaintiffs then withdrew their request to depose Jasjeev Khandari and a separate Rule 30(b)(6) witness, but filed a motion to compel the remaining depositions in Virginia, arguing that "there is a substantial danger that Surender Kandhari or Harjeev Kandhari could seek to subvert their depositions by making demands that all or some aspects of their depositions comport with Dubai law." Pl.'s Mem. in Support of Mot. to Compel at 6. At hearing, plaintiffs' counsel

---

[2] While the notice of deposition does not explicitly state that deposition testimony of these three individuals is sought in their capacity as officers or managing agents of the Al Dobowi defendants, it is clear that plaintiffs allege—and Al Dobowi defendants do not dispute—that they are managing agents of one or more Al Dobowi defendant entities and that is the basis on which their deposition testimony is sought. Accordingly, Surender Kandhari, Harjeev Kandhari, and Jasjeev Kandhari are parties to this action as that term is used in Rule 30(a)(1), Fed. R. Civ. P., and thus no subpoena is required to compel their deposition testimony. *See Rosenruist-Gestao E Servicos LDA v. Virgin Enters. Ltd.*, 511 F.3d 437, 444–45 (4th Cir. 2007) (citing *Founding Church of Scientology of Washington, D.C., Inc. v. Webster*, 802 F.2d 1448, 1451 (D.C. Cir. 1986)). At issue in this matter is not *whether* these three individuals may be deposed, but *where* those depositions should occur.

further emphasized that a "very important" factor is that the proposed deponents travel often, although not to Virginia, and thus the inconvenience of requiring them to travel to Virginia to be deposed would be minimal.[3] In response, counsel for Al Dobowi defendants represented (i) that they would pay the reasonable travel expenses for conducting the depositions in Dubai, and (ii) that the depositions would be conducted pursuant to the Federal Rules of Civil Procedure. Al Dobowi defendants further offered, in the alternative, that the depositions be conducted via videoconference. Al Dobowi defendants' counsel also noted that Surender Khandari has been to Virginia only once and that Harjeev Khandari has never been to Virginia.

The magistrate judge correctly recognized the presumption that agents of foreign corporate defendants should be deposed at the corporation's principal place of business. Carefully considering the record and the parties' arguments, and applying the factors set forth in *Armsey v. Medshares Management Services, Inc.*, 184 F.R.D. 569, 571 (W.D. Va. 1998),[4] the

---

[3] *See* Transcript of Hearing Before Magistrate Judge Davis, March 26, 2010 (hereinafter "Tr.") at 7 (comments of plaintiffs' counsel Mr. Matteis):

> Another factor that's very important that's looked at is whether the deponents travel in the ordinary course of their business. And these are absolutely 100 percent quintessential international businessmen. There's a lot in our papers and I know you've read them, so I'm not going to got through them all. But, I mean, these are people who jump on a plane and, you know, go to dinner in France like they're going down the street. I mean, these are men of significant resources who brag about how international their scope is.

[4] The *Armsey* factors are: (i) location of counsel for the parties in the forum district, (ii) the number of corporate representatives a party is seeking to depose, (iii) the likelihood of significant discovery disputes arising which would necessitate resolution by the forum court, (iv) whether the persons sought to be deposed often engage in travel for business purposes, and (v) the equities with regard to the nature of the claim and the parties' relationship. 184 F.R.D. at 571.

magistrate judge concluded that ordering the depositions in Virginia was warranted by (i) the location of counsel in the United States, (ii) the relatively low number of corporate representatives (two) sought to be deposed, (iii) a possibility of significant discovery disputes during the depositions, and (iv) the proposed deponents' frequent international business travel. Also noted by the magistrate judge was that the time difference between Virginia and Dubai would make it difficult to resolve promptly any disputes arising during the depositions. With respect to the fifth *Armsey* factor—the balance of equities—the magistrate judge simply noted that "[n]either party has given really any significant argument concerning prejudice or hardship." Tr. at 22–23. Instead, the magistrate judge particularly emphasized two circumstances: (i) that the proposed deponents' frequent business travel—albeit to places other than Virginia—indicated that traveling to the deposition in Virginia would not impose a hardship on them, and (ii) the time difference between Virginia and Dubai. Accordingly, the motion to compel was granted and the depositions were ordered to take place in Virginia.

The Al Dobowi defendants filed a timely objection to the magistrate judge's ruling, arguing that the stated grounds for requiring the deponents to travel to Virginia are legally insufficient to overcome the presumption in favor of deposing a foreign corporate defendant's agents at the corporation's principal place of business—in this case, Dubai. Accordingly, Al Dobowi defendants contend that the order compelling depositions should be vacated and the depositions should take place instead in Dubai. The matter, having been fully briefed and argued, is now ripe for disposition.

**II.**

Pursuant to 28 U.S.C. § 636(b)(1)(A), the factual findings and legal conclusions of a magistrate judge on nondispositive pretrial matters are overturned only where the findings are clearly erroneous or the conclusions are contrary to law. The "contrary to law" standard ordinarily suggests a plenary review of legal determinations, but many courts have noted that decisions of a magistrate judge concerning discovery disputes and scheduling should be afforded "great deference."[5] Indeed, the fact-specific character of most discovery disputes and the discretionary standard for resolution of discovery disputes under the Federal Rules suggest that magistrate judges ordinarily have ample discretionary latitude in disposition of those matters. Although the applicable legal rules governing discovery disputes allow for the exercise of discretion, where a magistrate judge's ruling constitutes an abuse of that discretion or is contrary to law, district courts must vacate it in order to give effect to the plain language of § 636(b)(1)(A).[6]

**III.**

The Federal Rules of Civil Procedure do not specify the situs of a party deposition noticed pursuant to Rules 30(a)(1) or 30(b)(6). Nor do most local rules fill this interstice. One notable exception is in the Middle District of Florida, where individual non-resident civil

---

[5] *United States v. Abonce-Barrera*, 257 F.3d 959, 969 (9th Cir. 2001); *see, e.g., Graham v. Mukasey*, 608 F. Supp. 2d 50, 52 (D.D.C. 2009); *Dees v. Hyundai Motor Mfg. Ala.*, LLC, 524 F. Supp. 2d 1348, 1350 (M.D. Ala. 2007); *Toven v. Met. Life Ins. Co.*, 517 F. Supp. 2d 1174, 1175 (C.D. Cal. 2007); *Doe v. Marsh*, 899 F. Supp. 933, 934 (N.D.N.Y. 1995); 12 Charles Alan Wright et al., *Federal Practice & Procedure* § 3069 n.20 and accompanying text (citing cases).

[6] *See* 12 *Federal Practice & Procedure* § 369 n.20.1 and accompanying text (citing cases).

defendants who do not intend to be present at trial "usually" may only be deposed to the extent they can be reached by a valid Rule 45 subpoena.[7] Accordingly, in the absence of a governing Rule, the task of developing the standards for determining the proper situs for a foreign defendant's deposition has been left chiefly to the courts, and courts have responded by crafting a standard that focuses chiefly on the convenience of the party to be deposed and the degree to which the deponent has availed himself or herself of the protections of the laws of the place of the proposed deposition. Accordingly, courts ordinarily presume that a plaintiff may be deposed in the judicial district where the action was brought, inasmuch as the plaintiff, in selecting the forum, has effectively consented to participation in legal proceedings there. *See* 8A Charles Alan Wright et al., *Federal Practice & Procedure* § 2112 ("Since plaintiff has selected the forum, he or she will not be heard to complain about having to appear there for a deposition.") (citing cases). This presumption is not irrebuttable, but to overcome it, a foreign plaintiff must persuasively demonstrate that requiring him to travel to the forum district for his deposition would, for physical or financial reasons, be practically impossible, or that it would be otherwise fundamentally unfair.[8]

On the other hand, because a non-resident defendant ordinarily has no say in selecting a

---

[7] Local Rule 3.04(b), M.D. Fla. A non-resident civil defendant who *does* intend to be present at trial "may reasonably be deposed at least once in this District either during the discovery states of the case or within a week prior to trial as the circumstances seem to suggest." *Id.* And non-resident plaintiffs, having chosen the judicial forum, "may reasonably be deposed at least once in this District during the discovery stages of the case." *Id.*

[8] *See, e.g., Newman v. Metro. Pier & Exposition Auth.*, 962 F.2d 589, 591–92 (7th Cir. 1992) (concluding that showing of serious financial hardship was insufficient to overcome presumption of reasonableness of taking plaintiff's deposition within forum district).

forum, an individual defendant's preference for a situs for his or her deposition near his or her place of residence—as opposed to the judicial district in which the action is being litigated—is typically respected. Accordingly, courts have held that defendant-deponents located outside the forum district's subpoena power should ordinarily be deposed near their place of residence absent "exceptional or unusual circumstances," *Metrex Research Corp. v. United States*, 151 F.R.D. 122, 125 (D. Colo. 1993).[9] And this presumption applies with no less force when the defendant is domiciled in another country. Indeed, insofar as a foreign defendant may be more inconvenienced by having to travel to the United States than a defendant who merely resides in another state or in another judicial district, the presumption that the deposition should occur at a foreign defendant's place of residence may be even stronger. *See Farquhar v. Shelden*, 116 F.R.D. 70, 73 (E.D. Mich. 1987) (requiring deposition of Dutch defendant to take place in Netherlands).

Courts have implemented essentially the same scheme for corporate defendants. Thus, courts have generally recognized a presumption that Rule 30(a)(1) or 30(b)(6) depositions of a foreign defendant corporation's officers or managing agents should be taken at the corporation's principal place of business.[10] This presumption is supported by the same sound reason noted

---

[9] *See also O'Sullivan v. Rivera*, 229 F.R.D. 187, 189 (D.N.M. 2004); *Gen. Leasing Co. v. Lawrence PhotoGraphic Supply, Inc.*, 84 F.R.D. 130, 131 (W.D. Mo. 1979).

[10] *See, e.g., Thomas v. Int'l Bus. Machs.*, 48 F.3d 478, 483 (10th Cir. 1995) (upholding protective order preventing deposition of corporate officer within judicial district because it "clashes with the normal procedure" that the deposition occur at corporation's principal place of business); *Salter v. Upjohn Co.*, 593 F.2d 649, 651–52 (5th Cir. 1979) (holding that absent "peculiar circumstances" managing agent deposition should occur at defendant corporation's principal place of business); *Monroe v. Pyrotech Corp*, 137 F.R.D. 356, 357 (D. Kan. 1991) (holding that corporate officer depositions are ordinarily taken at the principal place of business

above for applying the presumption to individual defendants. Further support for the presumption in the corporate context is the added potential for undue burdens on a corporation owing to the fact that unlike an individual defendant, a corporate defendant is subject to multiple depositions pursuant to Rules 30(a)(1) and 30(b)(6).[11] Accordingly, a foreign corporation's Rule 30(b)(6) and managing agent witnesses should presumptively be deposed in the district of the corporation's principal place of business.[12]

To be sure, this presumption may be overcome, but only where circumstances exist distinguishing the case from the ordinary run of civil cases. *Salter v. Upjohn Co.*, 593 F.2d 649, 651–52 (5th Cir. 1979), illustrates this point. There, the Fifth Circuit held that the deposition of the president of Upjohn Co. must be taken in Michigan, where the company was based, because the case did not present any "peculiar circumstances" that would warrant deviation from the presumptively reasonable deposition location of the principal place of business. *Id.*[13] Other

---

"unless justice requires otherwise"); *Gen. Leasing Co. v. Lawrence Photo-Graphic Supply, Inc.*, 84 F.R.D. 130, 131 (D. Mo. 1979) ("In the absence of exceptional or unusual circumstances, when a deponent resides at a substantial distance from the deposing party's residence, the deposing party should be required to take the deposition at a location in the vicinity in which the deponent resides, even if the deponent is a party."); *see also* 8A Wright et al., *Federal Practice & Procedure* § 2112.

[11] It is well settled that the Rule 30(b)(6) deposition mechanism was implemented to *supplement* the Rule 30(a)(1) deposition of the officer or managing agent of a corporate party, and not to replace it. *See Rosenruist-Gestao E Servicos LDA v. Virgin Enters. Ltd.*, 511 F.3d 437, 444–45 (4th Cir. 2007) (citing *Founding Church of Scientology of Washington, D.C., Inc. v. Webster*, 802 F.2d 1448, 1451 (D.C. Cir. 1986)). Thus, a defendant corporation's officers and managing agents are potentially subject to deposition under both provisions.

[12] *See Salter v. Upjohn Co.*, 593 F.2d 649, 651–52 (5th Cir. 1979).

[13] The Fifth Circuit did not elaborate on its use of the word "peculiar," but the cases suggest that the best reading of the term as used in *Salter* is that the circumstances must be in

cases provide examples of qualifying peculiar or distinctive circumstance. One such peculiar circumstance arises when the deponent regularly conducts business in the place where his deposition is sought. For example, the Seventh Circuit has held that where a defendant corporation had a New York office and the corporation's managing agent traveled there frequently, the managing agent could be deposed in New York. *Afram Export Corp. v. Metallurgiki Halypas, S.A.*, 772 F.2d 1358, 1365–66 (7th Cir. 1985).[14] Another circumstance warranting deviation from the presumption arises where the governing law of the defendant corporation's principal place of business would prevent the deposition from occurring or otherwise operate to frustrate the deposing party's legitimate discovery-related objectives. In one illustrative case, the court found that where it would be illegal for an American lawyer to conduct a deposition in the corporation's principal place of business, cause was shown to conduct the deposition elsewhere.[15] Additionally, the Ninth Circuit has held that the presumption was overcome where the foreign deponents had previously disregarded deposition orders and thus close judicial supervision of the depositions was necessary to ensure that they occurred without

---

some way unique or distinctive, but they need not be extraordinary.

[14] In this respect, *Afram Export* is similar to *Armsey*—the case on which plaintiffs chiefly rely—because in both cases, the foreign defendant maintained offices in the proposed deposition situs and thus sustained a regular course of business activity there that required the managing agent deponent to travel frequently to the proposed deposition situs. *Compare Afram Export Corp.*, 772 F.2d 1365 *with Armsey*, 184 F.R.D. at 571.

[15] *See Fausto v. Credigy Svcs. Corp.*, 251 F.R.D. 427, 430–31 (N.D. Cal. 2008). In *Fausto*, four officers of a Brazilian corporation sought to have their depositions taken in Brazil. But the magistrate judge noted that "according to the U.S. Department of State, it apparently is illegal for American lawyers to take depositions in Brazil and they do so at risk of imprisonment." *Id.* at 430. Accordingly, because taking the depositions in Brazil would have been a legal impossibility, they were ordered to take place in the United States.

further violations of court orders.[16] Of course, these three examples are merely illustrative, not exhaustive. But taken together, they indicate that the presumption is overcome where the record presents unique or distinctive circumstances demonstrating either (i) that taking the depositions at the corporation's principal place of business would be unduly burdensome, or (ii) that, by virtue of the corporation's regular course of activity in the alternative location, the burden of requiring the officer or managing agent to be deposed there is minimal and the savings to the deposing party are substantial.

It appears from the record that the magistrate judge correctly recognized the governing presumption that a foreign corporation's Rule 30(a)(1) and 30(b)(6) managing agent deponents should be deposed at the corporation's principal place of business. Less clear, however, is whether the existing record warrants overcoming the presumption. To begin with, it appears that the magistrate judge relied significantly on the deponents' frequent business travel to places outside Virginia as a factor indicating that the deponents would not be inconvenienced by being required to come to Virginia. As the magistrate judge put it:

> [T]he Court doesn't believe that the case law that was cited specifically talks about traveling to the forum district. It only talks about whether they engaged in travel very much. And the purpose of that is if someone travels very rarely, then it's less reasonable for the Court to require them to get on a plane and fly halfway around the world than if they traveled and they flew halfway around the world two times a month, whether it be halfway around the world was [sic] to the State of Virginia or to Canada or somewhere else.

---

[16] *See Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994) (requiring officers of Hong Kong corporate defendant to be deposed in San Francisco because corporate defendant "had disregarded the previous deposition order" and further because the defendant had done business and filed suit in the district court located there).

Tr. at 23. Putting aside whether there is adequate record support for the observation that the deponents are well traveled, it is important to note that the correct inquiry is not whether a deponent is, without more, a frequent traveler; a requirement to travel to a place where one does not do business or typically visit is likely to be at least as inconvenient for the frequent traveler as for the occasional traveler. Rather, the correct inquiry is whether the deponent frequently travels to the forum district or the proposed deposition situs. *Armsey*, on which the magistrate judge relies, well illustrates this point. Although the magistrate judge in *Armsey* identified this factor as "whether the persons sought to be deposed often engage in travel for business purposes," the facts of that case are more instructive. 184 F.R.D. at 571. In that case, the magistrate judge did not merely conclude that the deponents traveled often; he found it likely that "these individuals often engage in travel for business purposes, *including travel to the Western District of Virginia to manage Medshares' Virginia offices and agencies*" located within the district. *Id.* (emphasis added). Thus, that corporate defendant's officers did not merely travel often; they traveled often to the judicial district—and, further, the defendant corporation had offices within the district and thus regularly conducted business there. Here, in contrast to *Armsey*, one of the proposed deponents, Surender Khandari, has been to Virginia precisely once, while the other, Harjeev Khandari, has *never* set foot inside the Commonwealth.

Although the frequent traveler status of these deponents is not a basis for overcoming the usual presumption, this does not end the analysis, for other factors, more fully developed, may well do so. Chief among these are (i) whether some facet of Dubai law might operate to hinder or obstruct plaintiffs in taking the depositions in Dubai, and perhaps relatedly, (ii) whether

defendants' discovery conduct suggests that they or the deponents will be uncooperative or obstructionist if the depositions occur in Dubai. As to the former, plaintiffs' counsel noted that service of process on Surender Kandhari was proving to be a significant problem as Dubai was not a signatory to any treaty allowing service of United States process in Dubai. Yet, counsel has not been able to identify any aspect of Dubai law that would hinder the taking of depositions in Dubai. Importantly, the Al Dobowi defendants have stipulated to the application of the Federal Rules of Civil Procedure during the taking of the depositions in Dubai. Even so, this factor warrants further inquiry.

As for the second factor—defendants' conduct in discovery—it is important to recognize a distinction between a party's good faith assertion of reasonable objections, which is entirely appropriate discovery conduct, and a party's uncooperative or obstructionist discovery behavior and the assertion of meritless or near-frivolous objections.[17] This type of conduct warrants the forecast that disputes will arise in the course of the depositions that will likely require judicial intervention. Although the magistrate judge noted the time difference between Dubai and Virginia, the record does not reflect whether the magistrate judge considered that disputes *requiring judicial intervention* were likely or whether defendants' willingness to conduct the depositions in Dubai during normal business hours in Virginia could mitigate such concerns. These two factors—the possible effect of Dubai law and the likelihood of deposition disputes

---

[17] For an example of impermissible discovery conduct, *see Ralston Purina Co. v. McFarland*, 550 F.2d 967, 973–74 (4th Cir. 1977) (finding that plaintiff's counsel's instruction to deponent not to answer question on relevance grounds was "indefensible and utterly at variance with the discovery provisions of the Federal Rules of Civil Procedure).

requiring judicial intervention—may well suffice, if further explicated, to overcome the presumption.

Costs also must be addressed by the magistrate. International travel is expensive and time consuming. These factors are appropriately considered and weighed in the presumption calculus. In this case, in the event the depositions are taken in Dubai, it appears reasonable that given the nature and complexity of the case, the Al Dobowi defendants should cover the travel and accommodation expenses for two attorneys, including compensation for the attorneys at their customary hourly rate for the time of travel and any time needed to recover from jet lag prior to taking the depositions. The cost of taking the depositions in Virginia—travel and accommodation expenses for the deponents—would be far less and, by agreement, would be borne by plaintiffs. The details and allocation of costs and expenses occasioned by the deposition situs rest in the sound discretion of the magistrate judge.[18]

A final matter merits mention. Plaintiffs' counsel has noted that plaintiffs have encountered substantial difficulty in serving Surender Kandhari in Dubai, and that an important, if not principal goal of having the depositions in Virginia is that service of process on Kandhari will thereby be facilitated. Importantly, this is not a factor to be weighed in considering whether the ordinary presumption is overcome. Facilitating service of process on managing agents of foreign corporations is not a legitimate reason to compel deponents to appear in Virginia, as this is not the function of Rules 30(a)(1) or (b)(6). Indeed, to allow these Rules to be used as a means

---

[18] To this end, the record reflects that the magistrate judge carefully considered whether deposition by videoconference would be an adequate substitute, and he appropriately concluded that it would not suffice in the circumstances.

of effecting service of process on foreign entities or individuals would eviscerate the carefully crafted procedures of Rule 45, Fed. R. Civ. P., and of international treaties governing service of process. In short, facilitation of service of process cannot be a factor in finding that the presumption is overcome; on the other hand, if other factors warrant overcoming the presumption, the fact that service of process may be facilitated is merely incidental.

## IV.

For the foregoing reasons, it is appropriate to remand this matter to the magistrate judge for further proceedings consistent with this Memorandum Opinion. It is important to note that nothing in this opinion is intended to decide where the subject depositions must take place. That question is left to the sound discretion of the magistrate judge as guided by the principles set forth herein and such facts as he may find.

An appropriate Order shall issue.

Alexandria, Virginia
May 4, 2010

/s/
T. S. Ellis, III
United States District Judge